OCTOBER AND NOVEMBER TERM, 1884, No. 176.          NOV. 6, 1884.

## Jutte *v.* Conley.

1. Making absolute a rule to show cause why an attachment under the act of March 17, 1869, should not be dissolved is not a final judgment.

2. A writ of error taken on such a judgment is premature and will be quashed.

Before MERCUR, C. J.; GORDON, PAXSON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ.

Error to the Court of Common Pleas, No. 1, of *Allegheny County*.

Attachment by W. C. Jutte against M. Conley and J. Conley, copartners, trading as M. & J. Conley.

The following facts appeared from the records of the Court below :

On July 25, 1884, W. C. Jutte filed an affidavit in which he averred that the defendants were justly indebted to plaintiff for $814 67, and had assigned and disposed of a large amount of their property with the intent to defraud their creditors.    On this an attachment was issued under the act of March 17, 1869.    On August 2, 1884, the defendants filed an answer denying that they were disposing of their property with intent to defraud their creditors.    On the same day, a rule was granted to show cause why the attachment should not be dissolved, and on August 9, 1884, the rule was made absolute.    The plaintiff thereupon took this writ, assigning for error this action of the Court.

*T. H. Baird Patterson*, for defendants in error, on October 27, 1884, moved to quash the writ of error.

Where, as to the attachment of property and the dissolving of such attachment, the act of March 17, 1869, creates a new jurisdiction in common pleas court below, not according to the course of the common law, a writ of error does not lie: Ruhlman *v.* Com., 5 Binn, p. 24; Commissioners' Appeal, 57 Penn St., 452

The dissolving of the attachment, where there is no quashing of the writ, is not, under the act of March 17, 1869, such an order as puts an end to the plaintiff's case, a result equivalent to a final judgment, but is a conclusion

[Marlatt *v.* Marlatt.]

of the discretion vested by the act in the common pleas court below, which is not the subject of a writ of error: Sharpless *v.* Ziegler, 11 Norris, 470 ; Overseers of Laporte *v.* Overseers of Hillsgrove, 14 *Id.*, 269 ; *In Re* Kensington Turnpike Co., 1 Outerbridge, 269 ; Lycoming Fire Insurance Co. *v.* Storrs, *Id.*, 359.

*Isaac S. Van Voorhis* for plaintiff in error.

The cases cited in support of the motion to quash are quarter sessions cases, and of course *certiorari* is the only remedy in error.

No case under act of 1869 has come under our notice, wherein the precise question at bar was in issue, but Sharpless *v.* Ziegler, 11 Norris, 470, and Biddle *v.* Black, 12 W. N. C., 218, were writs of error and entertained by this Court, and the same question was in these cases.

An order setting aside an execution attachment was reversed in Lorenz *v.* Orlady, 87 Penn. S. C., 226, and Pontius *v.* Nesbit, 4 Wright, 309. It was held to be reviewable. A motion to quash was made in the latter case.

Why should not the summary dissolving of the plaintiff's attachment stand on the same footing? No evidence was taken in the court below, and the record shows a summary order. No court will decide on the merits without depositions, and it would be error so to do: Gregg's Appeal, 30 Pittsgh. L. J., 59.

NOVEMBER 13TH, 1884.—PER CURIAM : This is not a final judgment. The attachment only is dissolved. There is a personal service of the writ. The suit is still pending. This writ of error is premature.

Writt of error quashed.

---

OCTOBER AND NOVEMBER TERM, 1882, No. 92.    OCT. 30, 1884.

## Marlatt *v.* Marlatt.

1. The action for use and occupation is grounded on a contract relation, the essential characteristics of which are recognition by the occupant of the owner's title, and possession in subordination thereto, with his express or implied consent.

2. Where, therefore, the defendant, a devisee, went into possession, and the plaintiff tenant by the courtesy testified that he asked for possession and was refused, and that he never asked for rent, and that there was no agreement to pay rent, and there was no other evidence,